38831, 38832.   HINES *et al.* v. BELL (two cases).
38833, 38834.   HINES *et al.* v. MILAM (two cases).

Decided June 29, 1961.

*Calhoun & Calhoun, Walter W. Calhoun,* for plaintiffs in error. *James L. Bullard, Clarence J. Jackson,* contra.

BELL, Judge. *These four cases are treated by the court, as they were by counsel, as involving identical questions and as based upon similar pleadings in all relevant aspects. While applicable to each of the cases, the discussion is limited to the singular number. Although the numerical references are keyed*

*to the record in Case No. 38831, the rulings are applicable and controlling on apposite situations in each of the cases.*

■ In considering this appeal we direct our consideration first to the issue raised as to whether the trial judge erred in overruling the special demurrer to paragraph 5A of count 2 of the amended petition. Paragraph 5A alleged that: "At all times herein defendant Hines was operating said motor vehicle with the knowledge, consent, acquiescence, and approval of defendant Allen." The demurrer charges in substance that the allegation is irrelevant, immaterial, prejudicial, not germane or pertinent to the issues involved, since knowledge, consent, approval, and acquiescence given by the owner to the driver, standing alone, is not the basis for the imposition of liability upon the owner for the operation by the driver with the owner's consent.

We agree that the simple allegation, standing alone, that one of the defendants was operating the automobile of the other with the owner's consent is not sufficient as a basis for the imposition of liability. The trial court erred in overruling paragraph 4 of the renewed and additional demurrers of the two defendants to paragraph 5A of count 2 of the amended petition.

■ The next attack by demurrer upon count 2 was on the ground that it was duplicitous, multifarious, and a misjoinder in that it alleged in the same count two different degrees of care and purported acts of negligence. The argument is made that allegations of ordinary negligence cannot be joined in the same count with allegations of gross negligence. While the principle may be true, there is no classification into degrees of the negligence charged in the allegation of count 2. The defendant cites *Pope v. Seaboard Air Line R. Co.*, 88 Ga. App. 557, 563 (77 SE2d 55), in which this court quoted with approval from an earlier case, "Their [the railroad's] employment of an improper person to come in contact with the public as their agent, would be gross misconduct." But this case is not pertinent, as there is not in this jurisdiction any classification of negligence as "gross misconduct." The degrees of negligence are described in *Code* §§ 105-201—105-203 as ordinary, slight, and gross negligence. We do not interpret the *Pope* case as author-

ity for the view that a master's employment of one with a violent and ungovernable temper constitutes gross negligence. The case talks merely in terms of negligence without classifying it. Furthermore, it is elementary that questions of gross negligence, being questions of fact and not of law, are as a rule to be determined by the jury. *Hennon v. Hardin,* 78 Ga. App. 81, 83 (50 SE2d 236). The same rule applies to questions of ordinary and slight negligence. *Wallace v. Clayton,* 42 Ga. 443, 447 (2); *Frye v. Pyron,* 51 Ga. App. 613 (181 SE 142). The trial judge properly overruled special demurrer 2 of the additional demurrers of the defendant Clifford Hines, and special demurrer number 6 of the renewed and additional demurrers of defendant Allen.

■ The next ground of error charged by the defendants Allen and Hines relates to a series of their special demurrers which attack the allegations in count 2 in the plaintiff's amendment to his original petition, and reiterated in the amended, redrafted petition. These allegations attacked pertain to the charges that defendant Hines was a dangerous and reckless driver of automobiles and "had a reputation for speeding . . . and for being an incompetent and irresponsible driver of automobiles." The demurrers urge that these allegations are irrelevant, immaterial, not germane to the alleged cause of action, highly impertinent, inflammatory, and prejudicial, and do not constitute any valid or legal grounds for acts of negligence on the part of either of the defendants.

Closely connected to this argument are other special demurrers of the defendants which object to the allegations of the petition that the defendant Allen had knowledge, or in the exercise of ordinary care should have known, that the defendant Hines was a dangerous and reckless driver of automobiles and had a reputation for speeding and incompetent driving. Succinctly stated, the special demurrers to these allegations contend that as to the defendant Hines this is an attempt, contrary to law, to inject his character and reputation as to events of a different time and circumstance into a civil action, and as to the defendant Allen there was no allegation of any duty upon his part, no allegation of any facts as to how and in what manner

he had knowledge or had the availability of such knowledge of the alleged incompetency of the driver. These demurrers attacked paragraphs 7, 8, and 10 of count 2 of the amended petition in whole or in part. Paragraph 10 (i), (j), and (k) of count 2 of the amended petition charge the defendant Allen with being negligent in allowing a dangerous and reckless driver to operate his automobile and in failing to prohibit the use of his automobile to such a person, and in being negligent in employing such a person and giving him access to and the use of his automobile.

■ As to the defendant driver, the question arises as to whether it is proper to allege in the petition that he had the reputation of being a dangerous and reckless driver of automobiles, for speeding, driving at excessive and illegal speeds, and for being an incompetent and irresponsible driver of automobiles. The defendant cites *Code* § 38-202, which provides that, "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." In the recent case of *Grannenmann v. Salley,* 95 Ga. App. 778 (1) (99 SE2d 338), following earlier cases, this court held that, "In an action arising out of an automobile collision, the issue is the negligence or nonnegligence of the operator at the time and place of the event, and each such transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties." *Healan v. Powell,* 91 Ga. App. 787, 790 (87 SE2d 332). See also *Myrick v. Alexander,* 101 Ga. App. 1 (112 SE2d 697). The trial court erred in overruling the special demurrer of the defendant Hines to paragraph 7 of count 2 of the amended petition.

■ The defendants' special demurrers to paragraph 8 of count 2 of the petition as amended attack the allegation that the defendant Allen, who owned the car, had knowledge, or in the exercise of ordinary care should have known, that the defendant Hines, who drove the car, was a dangerous, reckless, and incompetent driver of automobiles, and had such a reputation. This special demurrer of the defendants contends that

■

these allegations are conclusions and do not set out facts or reasons or circumstances why or from what source the defendant Allen could or should have known of such facts.

In *Graham v. Cleveland*, 58 Ga. App. 810, 815 (200 SE 184), the petition alleged almost identical language in that it charged that the defendant owner of the automobile "knew or could have known" that the driver was a reckless and incompetent driver but nevertheless directed him to operate his automobile. There this court pointed out that, "The petition does not contain facts from which it may legitimately be inferred that the defendant Cleveland should have known of the incompetency of Wilson as a driver. The allegation that he 'knew or could have known' is therefore equivocal, 'and will be construed as asserting merely the conclusion of the pleader that the defendant had constructive knowledge.'" On this point the holding in the *Graham* case was that either actual knowledge by the owner must be alleged, or facts alleged which, upon proper proof, would authorize the jury to find that the owner in fact did have actual knowledge. In either situation the result is the same, for actual knowledge by the owner of the incompetency of the driver must be shown in order to impose liability on the owner.

The present petition is almost identical, and does not allege either actual knowledge or facts from which the jury could conclude that the owner did have actual knowledge. Under the authority of the *Graham* case, the petition here charges only constructive knowledge by the owner of the incompetency of the driver.

While numerous Georgia cases have held that *actual* knowledge possessed by the owner that the person to whom he entrusts his automobile is incompetent will make the owner liable for the negligence of the known reckless and incompetent driver, we have found no case which holds that he is to be held liable where he had only constructive notice. Further, the Georgia law does not impose the duty upon the owner of an automobile to make investigation of the competency of one who drives his car and to discover his "reputation" as a driver in order to avoid being negligent if it should subsequently be determined that the driver indeed had a reputation for recklessness and incompetency in driving.

In *Holt v. Eastern Motor Co.*, 65 Ga. App. 502 (15 SE2d 895), an automobile dealer was held to be liable to a passenger in one of his cars for injuries sustained through the means of a latent defect which the dealer could have discovered by the exercise of ordinary care. In deciding the *Holt* case on the theory of a bailor-bailee relationship, the court rejected the contention that the petition alleged facts sufficient to support the theory that the automobile dealer in effect had represented to the plaintiff that the driver was a competent driver. In the discussion there, the statement was made, "The defendant would not be liable for the negligence of Danforth [the driver] in the absence of an allegation that it knew or *had reason to believe that he was an incompetent driver.*" (Italics ours). Ibid, p. 508. But this statement is in conflict with the older case of *Graham v. Cleveland*, 58 Ga. App. 810, (2) 815, supra, and will not be followed. And see *Belch v. Sprayberry*, 97 Ga. App. 47, 50 (2) (101 SE2d 870). The *Holt* case was not decided on the basis of the incompetency of the driver, and the quoted excerpt which imports that liability may be imposed on the owner by means of the owner's constructive knowledge of the incompetency of the driver is inaccurate. The Georgia law imposes liability on the owner for negligent acts of an incompetent one to whom he entrusts the driving of his car, other than in agency, in only three categories: (1) By reason of his age or want of experience; (2) or his physical or mental condition; (3) or his known habit of recklessness. The requirement of actual knowledge in the first two categories is clearly implied, while in the third it is explicit. There is a decided distinction between an allegation of actual knowledge as required by the third category and one which merely charges constructive knowledge by an equivocal statement *that the owner had knowledge, or in the exercise of ordinary care should have had knowledge of the driver's incompetency.* In a proper situation the former is quite sufficient to state a cause of action; the latter is not.

In the several jurisdictions within the United States there is some authority for the theory that the owner may be held liable where he knew or ought to have known of the driver's incompetency. 61 C.J.S. 200, Motor Vehicles, § 511 (2), and 5A Am. Jur. 592, Automobiles and Highway Traffic, § 581.

A few jurisdictions seem to hold the owner liable in the absence of actual knowledge *if he should have known the driver to be reckless or incompetent.* 5 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., § 2924, pp. 139-141. However, the majority of the cases which have passed upon this problem, seem to agree that the owner's knowledge and consequent liability for the driver's incompetency may not be shown merely by proof that the driver had a reputation for incompetency. 120 A.L.R., 1311, 1315, and 168 A.L.R. 1364, 1372. In Vanner v. Dalton, 172 Miss. 183 (159 S 558), it was said that "The reputation of incompetency if relevant to the fact of incompetency is of itself alone 'inconclusive and needs to be reinforced [citing 1 Wigmore, Evidence, 2d ed. § 208].' "

The most recent expression of the Supreme Court relating to the subject is found in *Young v. Kickliter,* 213 Ga. 42, 43 (96 SE2d 605), where the court stated, inter alia, that the owner is not to be held liable for injuries inflicted by his automobile being operated by another, "unless the person driving it was the agent or servant of the owner, and engaged upon the business of the owner at the time the injury occurred . . . or unless the owner of the automobile entrusts it to one *whom he knows* to be an incompetant or reckless driver . . . " (Italics ours).

For the reasons indicated, the trial court erred in overruling the defendant's renewed and additional demurrers to paragraph 8 of count 2 of the plaintiff's amended petition.

The defendants' special demurrers attack paragraphs 10 (i), (j), and (k) of count 2 of the plaintiff's amended petition. These allegations charge the defendant Allen with being negligent in allowing a dangerous and reckless driver to operate his automobiles; with failing "to specifically prohibit the use of his automobiles to a known dangerous and reckless driver"; and was negligent in employing a dangerous and reckless driver and giving the reckless and dangerous driver access to and the use of his automobiles. For the reasons stated in division (b), the trial court improperly overruled these special demurrers, since there was no allegation in the petition of facts known to the defendant Allen from which the jury could conclude actual knowledge on his part of the incompetency, or no proper

averment of actual knowledge by Allen of the defendant Hines' incompetency.

■ ■ The trial court did not err in overruling the general demurrers of the defendant Hines to counts 1 and 2 of the amended petition. Both of these counts contain allegations sufficient, if proved, to impose liability upon him.

■ The trial court erred in overruling the general demurrer of defendant Allen to count 2, since the sustaining of his special demurrers discussed elsewhere in this opinion eliminates any theory by which he as owner of the car could be held liable for the driving of the defendant Hines. It is elementary that the mere fact of ownership of the vehicle, standing alone, is not sufficient in this jurisdiction to impose liability upon the owner for the injuries caused by the driving of a third party. See *Frankel v. Cone*, 214 Ga. 733 (107 SE2d 819).

■ The trial court properly overruled the general demurrer of the defendant Allen to count 1. Count 1 alleged in substance acts of negligence of the driver, and further charged that the driver was the agent, servant, or employee of Allen, and at the time was acting within the scope of and in pursuance of the duties of his employment. This is an appropriate way of alleging agency so as to impose liability upon the employer for the acts of the employee under *Code* § 105-108. *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (3) (58 SE2d 559).

The other assignments of error were abandoned.

*The judgment is affirmed in part and reversed in part in each of the four cases. Felton, C. J., and Hall, J., concur.*