### 39286. WILLIAMS v. HARRIS.

DECIDED JANUARY 30, 1962.

*Alvin L. Layne, J. Ellis Pope, Dan Dubberly,* for plaintiff in error.

*Jackson & Graham, B. P. Jackson, Jr., John Rabun, M. W. Eason,* contra.

NICHOLS, Presiding Judge. ■ Special ground 2 complains that the trial court erred in admitting over the defendant's objection certain testimony of the plaintiff. The objection was "On the grounds that it's prejudicial, immaterial and irrelevant. I think that it is also out of order to make such a statement as that."

" 'An objection to evidence as irrelevant, immaterial and prejudicial, without more, is too general,' and was properly overruled.' *McBride v. Johns*, 73 Ga. App. 444 (2) (36 SE2d 822)." *Goodrum v. Henton*, 93 Ga. App. 592, 594 (92 SE2d 590). Therefore the trial court did not err in overruling the defendant's objection to the plaintiff's testimony.

■ Special ground 3 complains of the admission of certain testimony objected to as hearsay. The plaintiff sued for $1,312.94 as the amount due on the stated account. On the trial the plaintiff testified that $461.65 of such total arose from purchases made by the defendant, and other transactions between the plaintiff and the defendant, and that the balance was the amount owed by the defendant to the plaintiff for groceries delivered under the defendant's instructions, to the defendant's employees for their consumption and to be charged to the defendant's account. The plaintiff testified that he made out tickets on each sale (one copy was given to the defendant's employees and the plaintiff kept one). The plaintiff then testified to the effect that he checked the accuracy of each ticket with such employees and they said they were correct. The objection was to the plaintiff's testimony as to what the employees had said. It was not shown that such statements were allegedly made at a time when the employees were working for the defendant.

*Code* § 38-406 provides: "The admissions by an agent or attorney in fact, during the existence and in pursuance of his agency, shall be admissible against the principal." "The declarations of an agent are not competent evidence against his principal, where it does not appear when they were made." *Adams v. Humphreys*, 54 Ga. 496 (2). In *Lott v. Banks*, 21 Ga. App. 246 (94 SE 322), a judgment excluding such evidence, when it did not appear when such declaration was made, was affirmed.

The testimony of the plaintiff as to what the defendant's employees said about the correctness of the accounts, it not being shown that such statements were made during the existence of and in pursuance of the agency, should have been excluded on objection.

■ Special ground numbered 5, being neither argued nor insisted upon, is treated as abandoned.

■ Special grounds numbered 7 and 8 deal with the failure of the trial court to charge two written requests. One request was in the language of *Code* § 37-306, as follows: "A party objecting to a stated account shall surcharge and falsify. The former is to allege omissions; the latter to deny the correctness of certain of the items rendered. One palpably fraudulent item casts suspicion upon the entire account." The other request was limited generally to the language of the last sentence of such Code Section and read as follows: "I charge you that if you find one item of the plaintiff's account obviously and grossly fraudulent that fact will cast a suspicion on his entire account."

The request to charge the complete Code Section was properly overruled since it was not adjusted to the issues in the case. The defendant had not alleged any omission, nor had she denied in her pleadings the correctness of any item in the account, since she had merely denied any indebtedness and denied having entered into the alleged agreement that converted the "open account" into an "account stated." See, as to the requirements of a plea seeking to falsify and surcharge, *Shorter v. Hargroves,* 11 Ga. 658 (5) ; *Tate v. Gairdner,* 119 Ga. 133, 135 (46 SE 73).

As to the second request to charge, the evidence showed that various items making up the alleged stated account were gone into before the jury, and under the testimony of the defendant, it cannot be said that there was not sufficient evidence to authorize the instruction which was requested and which was applicable to the facts and was a correct statement of law. As to the duty of the trial court to give a request to charge under such circumstances see *Vaughan v. Vaughan,* 212 Ga. 485 (93 SE2d 743), and citations.

■ Inasmuch as the case must be again tried neither the usual general grounds nor special ground numbered 1, which is an amplification of the usual general grounds, will be dealt with other than to hold that the verdict rendered was not demanded, nor will the alleged errors complained of in special grounds 4 and 6 be considered, in as much as on another trial the incidents complained of will probably not reoccur. *Lanier v. O'Bear,* 101 Ga. App. 667, 671 (115 SE2d 110).

*Judgment reversed. Frankum and Jordan, JJ., concur.*