50464. CHUPP v. HENDERSON et al.
50465. PARKER v. HENDERSON et al.

STOLZ, Judge.
The plaintiffs filed suit against the defendants for personal injuries sustained as a result of the negligent operation of a vehicle owned by defendant Baker Delivery Services, Inc. (Baker), which was being operated by defendant Thomas Henderson within the scope of his employment by Baker. The complaints, as originally drawn, were in one count, seeking a joint and several judgment against both defendants for compensatory

damages. The defendants' answers admitted the existence of the master-servant relationship and the use of the vehicle in question within the scope of the servant's employment. After receiving the answers to interrogatories from the defendants and taking defendant Henderson's discovery deposition, the plaintiffs amended their complaints by adding two additional counts. In Count 2, the plaintiffs alleged in substance that defendant Henderson was unfit and unqualified as a driver, that he had had his license suspended and revoked during the time of his employment by defendant Baker, that these facts were known to defendant Baker, and that Baker had negligently entrusted the vehicle to Henderson. Count 3 reiterated Henderson's alleged unfitness and lack of qualification, together with Baker's knowledge of the same, and went further, alleging conscious indifference and wanton and reckless disregard of the consequences of employing such a servant by Baker. Count 3 sought to recover "punitive damages" against Baker only, in addition to the general compensatory damages sought against both defendants, jointly and severally. The defendants moved for partial summary judgment as to Counts 2 and 3, on the theory that the doctrine of negligent entrustment is an alternative method of imputing liability to the owner of a vehicle, where the operator is not the servant or agent of the owner, i.e., where respondeat superior does not apply, but that where respondeat superior is applicable and admitted, negligent entrustment will not lie; in other words, that the two theories, negligent entrustment and respondeat superior, are mutually exclusive. The trial judge sustained the defendants' motion for partial summary judgment as to Counts 2 and 3, from which the plaintiffs appeal.

1. "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or

defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both..." Code Ann. § 81A-108 (e)(2) (Ga. L. 1966, pp. 609, 619; as amended). "Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Code Ann. § 81A-110 (b) (Ga. L. 1966, 609, 621; as amended). "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent, or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." Code Ann. § 81A-118 (a) (Ga. L. 1966, pp. 609, 630; as amended).

In *Willis v. Hill,* 116 Ga. App. 848, 852 (159 SE2d 145) this court held that a demurrer based on duplicity was good against a single-count petition seeking only compensatory damages wherein respondeat superior and negligent entrustment were presented as "[S]eparate theories of establishing a liability link from the negligence of the driver to the employer-entrustor since the first theory proceeds on the basis of imputed negligence or vicarious responsibility, whereas the second is brought under the negligence-proximate cause rubric." As noted in the *Willis* opinion by its author at p. 851, that case was tried and all rulings made prior to the effective date of the Civil Practice Act, and its provisions had no application on appeal.[1] However, we must assume that the author of the opinion in this court wrote the same on the theory that the provisions of the Civil Practice Act were not applicable to the decision in the *Willis* case. There can be no doubt that the Civil Practice Act is applicable to the case sub judice.

This case, as previously shown, is markedly different from the *Willis* case, supra. In this case, respondeat superior and negligent entrustment are alleged in different counts; in *Willis,* in one count. In this case, "punitive damages" are sought against the employer

---

[1]The Supreme Court reversed this holding in *Hill v. Willis,* 224 Ga. 263(1) (161 SE2d 281).

(Baker); in *Willis,* there was no prayer for "punitive damages." See *Willis,* supra, p. 868. With these differences in mind, we shall proceed with the resolution of the issues before us.

2. The defendants insist that, in adding Counts 2 and 3 (negligent entrustment and "punitive damages"), the plaintiffs are attempting to prejudice the case against the employee (Henderson) in the case alleged against him in Count 1. "It is settled by the decisions of the Supreme Court and of this court that as to Willis the driver, proof of his poor driving record, or of his general character for carelessness or recklessness in driving, is impermissible . . . Nor is it permissible to show particular instances of negligence on other occasions. . . The plaintiff should not be permitted to do by indirection what she cannot by direction do, i.e., influence the jury to find against the driver on account of some negligent act which he may have committed at a prior time, on another occasion, in a different situation and with other parties." *Willis v. Hill,* supra, pp. 862, 863, 864, and cits.

The foregoing are well reasoned and proper rules with which we are in total agreement.

We view each plaintiff as presenting two separate and distinct claims, one for compensatory damages (Count 1), the other for "punitive damages" (Counts 2 and 3). Obviously, the evidence of negligent entrustment would be irrelevant and prejudicial in the resolution of the issues presented in Count 1. (See *Willis,* supra, p. 865 and cits.) However, in the resolution of the negligent entrustment — "punitive damages" claim (Counts 2 and 3), such evidence is not only relevant, but essential to the viability of that claim. (See *Willis,* supra, p. 863.)

The obvious solution to the problem is a separate trial of issues presented in Count 1 from those presented in Counts 2 and 3, pursuant to Code Ann. § 81A-142(b) (Ga. L. 1966, pp. 609, 654): "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." Should the defendants prevail as to the issues presented in Count 1, there would

be nothing to try under Counts 2 and 3.

3. The defendant urges the principle that where several defendants are sued jointly, exemplary damages are not recoverable against any of them unless all are liable therefor, and that the master would be liable only if the tortious acts of the servant or agent be such as would have subjected the servant to exemplary or vindictive damages had he been sued as principal. Study and compare Code § 105-2011, *Gasway v. Atlanta &c. R. Co.,* 58 Ga. 216 (2), and *Willis,* supra, p. 868 and cits. No issue can be taken with these well established legal principles. However, in our judgment, they do not apply to the situation before us. As we have previously noted (Division 2), we view each of the plaintiffs' complaints as stating two separate and distinct claims: one for compensatory damages against both defendants, employer and employee (Count 1) and the other seeking exemplary or "punitive damages" from the employer only (Counts 2 and 3). As such, this case does not fall within the purview of the rules previously stated.

4. Nothing herein should be construed as requiring separate trials in all actions having multiple counts. The decision herein is limited to the issues in the case before us and such similar cases as may arise in the future.

In rendering this opinion, we have attempted to solve the procedural problem presented and have made no effort to resolve the substantive problem of whether the defendant Baker had knowledge, actual or constructive, that its employee, defendant Henderson, was incompetent. Nor do we address ourselves to a determination of whether defendant Henderson's past driving record was such as would make him an incompetent driver. As noted by our late brother, Judge Eberhardt, in *Willis,* supra, "We do well to kill the snakes springing from the pages of the records before us — it is improper and foolhardy to stir up more." P. 868.

The judgment of the trial court sustaining the defendant's partial motion for summary judgment as to Counts 2 and 3 of the plaintiffs' complaints, is hereby reversed and remanded to the trial court with direction that the issues presented in Count 1 be tried separately from those presented in Counts 2 and 3.

*Judgment reversed with direction. Deen, P. J., and Evans, J., concur.*

ARGUED APRIL 9, 1975 — DECIDED MAY 13, 1975.

*Gerstein, Carter & Chesnut, Michael J. King,* for appellant.
*Nall, Miller & Cadenhead, James C. Gaulden, Jr.,* for appellee.