53782. GEORGIA POWER COMPANY v. HUBBARD
et al.
53783. HUBBARD v. GEORGIA POWER COMPANY
et al.
53784. GEORGIA POWER COMPANY v. HUBBARD.
53785. HUBBARD v. GEORGIA POWER COMPANY
et al.
53786. DAWKINS v. HUBBARD et al.
53787. DAWKINS v. HUBBARD.

SHULMAN, Judge.

These six cases arise from a single incident, an automobile collision. Dawkins, an employee of Georgia Power, while driving a car belonging to Georgia Power, struck and injured Hubbard. Hubbard and his wife each brought suit against Dawkins alleging negligence, and Georgia Power, under theories of respondeat superior and negligent entrustment. The evidence showed that Dawkins left Ty Ty, where he was working at a construction site, on Friday after work to go to his home in Maxies. Georgia Power had provided him with a motel room near the job site for Friday night because the company required him to work that Saturday morning. Notwithstanding the prior arrangements, Dawkins made the more than 150 mile trip to Maxies and, instead of going directly home, continued on to see a man about some work to be done on Dawkins' house. After having two or three drinks, Dawkins turned back towards home. On his way, just as he entered Maxies, he collided with a car parked on the side of the road. Hubbard was sitting on the hood of that car with his left leg over the fender at the point at which Dawkins' car made contact.

At trial, the Hubbards introduced, over strenuous and continuing objections, extensive testimony to establish that Dawkins was an incompetent driver. The issue of respondeat superior was withdrawn from the jury, but a defense motion for a directed verdict on the negligent entrustment issue was denied. The jury returned verdicts against both defendants for both plaintiffs. Georgia Power and Dawkins appeal the judgment based on those verdicts. The Hubbards appeal

the grant of directed verdict on the respondeat superior issue.

1. There was no error in directing a verdict for Georgia Power on the respondeat superior claim. The evidence unequivocally showed that Dawkins was not operating the vehicle within the scope of his employment with Georgia Power.

2. After the direction of a verdict on the issue of respondeat superior, the remaining theory on which it was contended that Georgia Power was liable was negligent entrustment. An essential element of negligent entrustment is actual knowledge by the owner that the driver is incompetent or reckless. *Hines v. Bell,* 104 Ga. App. 76 (3b) (120 SE2d 892).

To demonstrate knowledge on the part of Georgia Power of Dawkins' incompetence as a driver, the plaintiffs elicited testimony from Dawkins that he had discussed his traffic violations at times and places where his supervisor could have overheard him. During the course of cross examination he admitted that he did not know whether his supervisor had heard or not. At another point, he indicated doubt that Georgia Power knew of his driving record. In explanation of previous testimony in deposition, he reiterated that he had never told his superiors of his arrests for DUI or his speeding tickets (there were several of each). While circumstantial evidence is sufficient to authorize an inference of actual knowledge of a driver's incompetence (*Harris v. Smith,* 119 Ga. App. 306, 308 (167 SE2d 198)), it will not support a verdict ". . .when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by plaintiff, it was affirmatively shown that no such fact existed." *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700). That is what happened here. Dawkins said his supervisor could have heard his conversation about his traffic violations; the supervisor, in unimpeached and uncontradicted testimony, swore he had never heard such a discussion and knew nothing of Dawkins' driving record. He testified that he knew of two instances in which Dawkins was involved in minor mishaps, but had no idea Dawkins had ever driven while drinking. That testimony

was consistent with the circumstantial evidence of knowledge, but affirmatively shows there was none. Georgia Power's knowledge of Dawkins' alleged incompetence was not proved and a verdict should have been directed in favor of Georgia Power. Denial of Georgia Power's motion for directed verdict on the issue of negligent entrustment was error.

3. Since we hold that a verdict should have been directed for Georgia Power, it is unnecessary to address the remaining 31 enumerations of error advanced by Georgia Power.

4. Dawkins agrees that a verdict should have been directed for Georgia Power on the negligent entrustment issue. He argues that, since Georgia Power's knowledge of his driving record was not proved, evidence of his fines and his reputation as a person who drives under the influence were irrelevant and prejudicial. On that basis, he asserts the trial court erred in denying his motion for a mistrial or, in the alternative, for instruction to the jury that they were to disregard all testimony of previous traffic violations or wrecks. We agree. " 'In an action arising out of an automobile collision, the issue is the negligence or nonnegligence of the operator at the time and place of the event, and each such transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties.' " *Hines v. Bell,* supra, p. 81, quoting from *Grannemann v. Salley,* 95 Ga. App. 778 (1) (99 SE2d 338). "To allow the prior driving record in evidence would create a danger that the jury might draw the inference long forbidden in our law — that because the employee had been negligent on other occasions he was negligent on the occasion in question. Admission of evidence which is both irrelevant and prejudicial is harmful error. [Cits.]" *Willis v. Hill,* 116 Ga. App. 848, 865 (159 SE2d 145), reversed on other grounds, 224 Ga. 263. In *Willis v. Hill,* the employer admitted agency and the court held the plaintiff was, therefore, precluded from proceeding with a negligent entrustment theory because it would not result in a greater recovery if proven and because the evidence was inadmissible on the question of the driver's negligence on the single occasion involved. See also *Chupp v. Henderson,* 134 Ga. App. 808

(216 SE2d 366), requiring separate trials to avoid prejudice. In the instant case, since the trial court should have granted a directed verdict to Georgia Power, removing the negligent entrustment theory, the evidence was then inadmissible as to Dawkins because it was irrelevant and harmful.

The judge took neither of the actions requested by Dawkins and the jury went out armed with a great deal of prejudicial testimony. That was reversible error.

*Judgment reversed in cases 53782, 53784, 53786 and 53787. Judgment affirmed in cases 53783 and 53785. Quillian, P. J., and Banke, J., concur.*

ARGUED APRIL 12, 1977 — DECIDED MAY 25, 1977 — REHEARING DENIED JUNE 10, 1977 —

*Erwin, Epting, Gibson & McLeod, Eugene A. Epting, Gary B. Blasingame,* for appellant (case nos. 53782 and 53784).

*Surrett & Brackett, Carl J. Surrett, Lawrence, Rice & Lawrence, George D. Lawrence, Jr., Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellees (case no. 53782).

*Carl J. Surrett, George D. Lawrence, Jr., William C. Reed,* for appellee (case no. 53784).

*George D. Lawrence, Jr., Carl J. Surrett,* for appellant (case no. 53783).

*Eugene A. Epting, Gary B. Blasingame, William C. Reed,* for appellees (case nos. 53783 and 53785).

*George D. Lawrence, Jr.,* for appellant (case no. 53785).

*William C. Reed,* for appellant (case nos. 53786, and 53787).

*Carl J. Surrett, George D. Lawrence, Jr., Eugene A. Epting, Gary B. Blasingame,* for appellees (case nos. 53786 and 53787).