## 58212. SIKES v. FOLSOM CONSTRUCTION COMPANY.

Shulman, Judge.

This is an action upon an alleged open account of a public accountant. Plaintiff-accountant brought suit on December 7, 1978, against defendant-construction company for the sum of $9,474.39 (plus interest and costs), alleged to be the amount due and owing on defendant's account computed from December of 1967 to December of 1974. The defendant answered, denying liability and asserting the four-year statute of limitation as an absolute defense to plaintiff's recovery of all but $1,932.75 (claimed to be the amount due for services rendered in 1974). Plaintiff subsequently amended his complaint, admitting that the statute barred a portion of his recovery, but contending that $7,574.91 was due and payable within the statutory time period. From a judgment in favor of the defendant, plaintiff appeals. We affirm.

1. It is plaintiff's contention that the jury's verdict was inconsistent with the evidence presented at trial; that inasmuch as defendant presented no defense to refute plaintiff's claim for at least that amount allegedly owing for the year 1974 (not otherwise barred by the statute of limitation), a verdict in favor of the plaintiff was demanded. We cannot agree.

The defense presented testimony challenging plaintiff's claim of money due for services rendered in 1974. Defendant testified that he had no way of checking the accuracy of plaintiff's contentions as to the hours he

allegedly worked, and that he disputed the allegation that he owed the plaintiff any additional monies for services rendered. Since the question of whether or not plaintiff was, in fact, owed money by the defendant was in dispute, it was properly a question for jury resolution. See, e.g., *Howard v. Fleming*, 231 Ga. 364 (2) (201 SE2d 422). Since there was evidence to support the jury's determination, the verdict will not be disturbed on appeal. See *Howard*, supra.

2. We similarly find no merit in appellant's second enumeration of error. Defendant's objection to testimony as irrelevant and immaterial is not such an objection as presents any issue for review on appeal. See *Jones v. Brawner*, 151 Ga. App. 437 (1).

No reversible error appearing, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED JULY 3, 1979 — DECIDED OCTOBER 5, 1979.

*John D. McCord, III*, for appellant.
*James W. Hurt*, for appellee.