63072. THOMASON v. HARPER.
63073. CHILDRE CHEVROLET, INC. v. HARPER.

CARLEY, Judge.

Appellee-Harper, plaintiff below, instituted the instant action to recover for personal injuries sustained in a collision between her vehicle and that being operated by appellant-Thomason and owned by appellant-Childre Chevrolet. The jury returned a verdict in favor of appellee and against both appellants and judgment was entered thereon. Following the denial of their respective motions for new trial, appellants appeal.

1. Appellee sought to establish liability against appellant-Thomason on general negligence principles and against appellant-Childre Chevrolet under the doctrine of respondeat superior and the theory of negligent entrustment. Prior to trial, appellant-Thomason filed a motion pursuant to Code Ann. § 81A-142 (b) requesting that there be a separate trial of appellee's allegations of negligent entrustment against appellant-Childre Chevrolet. After a hearing and consideration of argument of counsel, the trial court denied Thomason's motion. This ruling is enumerated as error.

In essence, appellant-Thomason contends that he was denied the right to a fair trial because of the prejudicial evidence relating to his prior driving record and drinking habits which was placed before the jury in connection with appellee's allegations of negligent entrustment against appellant-Childre Chevrolet.

The general rule is that " '[i]n actions arising out of automobile collisions, the issue is the negligence or non-negligence of the operator at the time and place of the event, and each such transaction is to be ascertained by its own circumstances and not by the reputation or character of the parties. [Cits.]' " *Grannemann v. Salley,* 95 Ga. App. 778, 779 (99 SE2d 338) (1957). "[I]n a suit for negligence evidence of similar acts or omissions on other and different occasions is not admissible, . . ." *Hollomon v. Hopson,* 45 Ga. App. 762, 765 (8) (166 SE 45) (1932). Thus, in such cases, ". . . proof of [the allegedly negligent operator's] prior driving record, or of his general character for carelessness or recklessness in driving, is impermissible. [Cits.] Nor is it permissible to show particular

instances of negligence on other occasions. [Cits.]" *Willis v. Hill,* 116 Ga. App. 848, 862-863 (159 SE2d 145) (1967) revd. on other grounds 224 Ga. 263 (161 SE2d 281) (1968). "To allow the prior driving record in evidence would create a danger that the jury might draw the inference long forbidden in our law — that because the [operator] had been negligent on other occasions he was negligent on the occasion in question. Admission of evidence which is *both* irrelevant and prejudicial is harmful error. [Cits.]" (Emphasis supplied.) *Willis v. Hill,* supra at 865.

On the other hand, under the theory of negligent entrustment "liability is predicated . . . on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. [Cits.]" *Saunders v. Vikers,* 116 Ga. App. 733, 735 (5) (158 SE2d 324) (1967). "[E]vidence showing the driver's prior recklessness and the employer's knowledge thereof . . . is relevant, and indeed essential, to prove liability *under the negligent entrustment theory.*" *Willis v. Hill,* supra at 863. Cf. *Ficklen v. Heichelheim,* 49 Ga. App. 777 (6) (176 SE 540) (1934).

We are thus faced with the following dichotomy: Evidence of Thomason's prior driving habits and propensity for recklessness and appellant-Childre Chevrolet's knowledge thereof, though irrelevant and prejudicial in resolution of the issue of Thomason's negligence or non-negligence at the time of the collision in question, is essential to prove appellant-Childre Chevrolet's liability under the negligent entrustment theory. Relying upon *Chupp v. Henderson,* 134 Ga. App. 808 (216 SE2d 366) (1975), appellant-Thomason contends that the *only* solution to this problem is a separate trial of the negligent entrustment issue.

We find the facts in *Chupp v. Henderson,* supra, to be distinguishable from those in the instant case and appellant-Thomason's reliance thereon to be misplaced. We interpret *Chupp* to stand for the proposition that where a plaintiff seeks to impose liability on the employer-entrustor of the defendant driver under both the doctrine of respondeat superior and the theory of negligent entrustment for acts of the defendant driver, and the employer-entrustor admits its liability under respondeat superior for any negligence of the driver, the liability link from the negligence of the driver to the employer-entrustor has been established rendering proof of negligent entrustment unnecessary and irrelevant. Reference in *Chupp* to a separate trial dealt with a claim which was separate and distinct from the claim for compensatory damages

against both defendants jointly and severally. By that separate and distinct claim, the plaintiffs in *Chupp* sought to recover "punitive damages" against the employer *only* based upon negligent entrustment and the employer's alleged "conscious indifference and wanton and reckless disregard of the consequences of employing [the defendant driver]." *Chupp,* supra at 809.

In the instant case, plaintiff sought only compensatory damages against both appellants jointly and severally. More importantly, appellant-Childre Chevrolet admitted that it owned the vehicle driven by appellant-Thomason at the time of the collision but denied the existence of a master-servant relationship with Thomason. Appellant-Thomason admitted that he was employed by Childre Chevrolet and that he was operating the vehicle with the permission of Childre Chevrolet. However, appellant-Thomason answered that he was unable (apparently due to traumatic amnesia as a result of the collision) to admit or deny the allegation that he was within the scope of his employment at the time of the collision. Hence, the liability link from the alleged negligence of appellant-Thomason to appellant-Childre Chevrolet was not admitted and, thus, the theory of negligent entrustment for establishing such liability became relevant. " '[D]efendants ... cannot have their defense cake and eat it too.' In cases where liability would be multiple — e.g., traditional agency, family purpose and negligent entrustment — plaintiffs are free to choose their basis of relating the acts of the driver to the non-driver defendant and may plead and pursue all *until such time as the non-driver defendant admits legal responsibility for the performance of the driver in the occurrence giving rise to the litigation.* Should the non-driver defendant (usually the owner) seek to insulate himself from such performance, however, or should his admission be ineffective to subject him to liability to the same extent as could be imposed upon him as a 'negligent entrustor,' a plaintiff may proceed under the entrustment theory." (Emphasis supplied.) *Willis v. Hill,* supra, at 865-866.

By virtue of appellant-Childre Chevrolet's denial of liability under the doctrine of respondeat superior, evidence proving negligent entrustment became relevant to establish a liability link from the alleged negligence of appellant-Thomason to appellant-Childre Chevrolet. In admitting the evidence of Thomason's past driving record and habits, the trial court instructed the jury that such evidence was not to be considered in resolution of the issue of the negligence or non-negligence of appellant-Thomason on the occasion in question. In so doing, the trial court limited the admission of such evidence for the sole and exclusive purpose of proving negligent entrustment. While appellant-Thomason argues

that the grant of a separate trial as to the issue of negligent entrustment was the *only* way he could have been protected from such potentially prejudicial evidence, he does not contend that the instructions given by the trial court were insufficient to inform the jury as to the limited purpose for which such evidence was admitted and to be considered by it. Appellant-Thomason offers no proof, other than a substantial jury verdict for appellee, to rebut the presumption that the jury understood and correctly applied the limiting instructions given by the trial court. Cf. *Stanley v. Squadrito,* 107 Ga. App. 651, 658 (131 SE2d 227) (1963).

In view of the fact that evidence tending to show negligent entrustment would be relevant by virtue of appellant-Childre Chevrolet's denial of liability under respondeat superior and that the admission of such evidence was restricted to that purpose only, we find that the interests and rights of the parties were adequately protected and that no prejudice occurred. Cf. *Jones v. Cloud,* 119 Ga. App. 697, 702 (2) (168 SE2d 598) (1969); *Ga. Power Co. v. Hubbard,* 142 Ga. App. 531, 533 (4) (236 SE2d 515) (1977). *Rogers v. Eckerd Drugs,* 149 Ga. App. 788 (2) (256 SE2d 130) (1979). Accordingly, we find that the trial court did not abuse his discretion in denying appellant-Thomason's motion for separate trials under Code Ann. § 81A-142 (b) and, thus, conclude this enumeration of error to be without merit.

2. In appellee's effort to prove the negligent entrustment theory of her case, testimony was elicited from appellant-Thomason concerning his previous driving record, intemperate habits, and specific instances of antecedent negligent or reckless driving. On appeal, appellants contend that the trial court erred in admitting into evidence, over objection, those specific acts tending to prove Thomason's incompetency or habitual recklessness of which there was no showing or even a claim that appellant-Childre Chevrolet had actual knowledge. In support of this contention it is urged that the only admissible evidence of prior acts tending to prove the incompetency of appellant-Thomason would be evidence of those acts known to appellant-Childre Chevrolet.

We note at the outset that "Georgia law imposes liability on the owner for negligent acts of an incompetent one to whom he entrusts the driving of his car, other than in agency, in only three categories: (1) By reason of his age or want of experience; (2) or his physical or mental condition; (3) or his known habit of recklessness. The requirement of actual knowledge in the first two categories is clearly implied, while in the third it is explicit." *Hines v. Bell,* 104 Ga. App. 76, 83 (120 SE2d 892) (1961). See also *Pugmire Lincoln-Mercury v. Sorrells,* 142 Ga. App. 444 (2) (236 SE2d 113) (1977). This court is not

at liberty to decline to follow this rule of law in Georgia because our Supreme Court has addressed the issue in clear terms. "An essential element of establishing this tort is allegation and proof that the owner of the vehicle had *actual knowledge* of the intended driver's incompetence. [Cit.]" (Emphasis supplied.) *Ballew v. Riggs,* 244 Ga. 232, 235 (259 SE2d 482) (1979). Thus, in this state, when the liability of the defendant-entrustor is premised upon the driver's pattern of prior recklessness, the evidence in support of the imposition of such liability must show that the defendant-entrustor had actual knowledge of *the pattern* upon which the injured party relies as demonstrating the driver's incompetency. "However difficult it may have been [for] the plaintiffs . . . it was incumbent upon them to show . . . that [the defendant-entrustor] had actual knowledge of a pattern of reckless driving or facts from which such knowledge could be reasonably inferred . . . [Cits.]" *Saunders* 116 Ga. App. at 736 (7), supra.

This burden of proving the defendant-entrustor's actual knowledge of the driver's pattern of habitual recklessness may be borne in various ways. The plaintiff may demonstrate that the driver's driving record as a whole establishes a pattern of habitual recklessness and that the defendant-entrustor had actual knowledge of this entire driving record. In *Harris v. Smith,* 119 Ga. App. 306 (167 SE2d 198) (1969) the defendant-entrustors' receipt of a letter advising that the driver's insurance coverage had been cancelled because of "his driving record" was circumstantial evidence of their actual knowledge of the pattern of habitual recklessness allegedly established by the specific instances comprising the record. On the other hand, instead of demonstrating that the defendant-entrustor had actual knowledge of the driver's record as a whole and that that record evidences a pattern of recklessness, the plaintiff may successfully bear his burden of proof by demonstrating that the defendant-entrustor had actual knowledge of each specific incident of reckless driving and that this cumulative knowledge amounts to a known pattern of reckless driving. Cf. *Saunders v. Vikers,* 116 Ga. App. 733, supra.

Whatever the manner of proof, however, it is clear that the alleged pattern of reckless driving relied upon as establishing the driver's incompetence must be shown to be within the actual knowledge of the defendant-entrustor either through his actual knowledge of each separate incident of recklessness relied upon as establishing the pattern or, in the absence of such cumulative knowledge, through his actual knowledge of the driver's record as a whole. Contrary to appellee's assertions, the driver's incompetence by reason of habitual recklessness and the defendant-entrustor's

actual knowledge thereof are not entirely separate elements of proof. "[T]he conduct of the driver must show a pattern of continued recklessness *known* to the owner ..." *Saunders v. Vikers,* 116 Ga. App. 736, supra.

It is only those prior acts or instances tending to show the incompetency or habitual recklessness of the driver of which the defendant-entrustor had actual knowledge which are relevant, probative and therefore admissible in a negligent entrustment action. Unless each prior act which allegedly demonstrates the driver's recklessness is also shown to be within the defendant-entrustor's actual knowledge, that prior act is not part of a pattern of recklessness known to the defendant-entrustor. Accordingly, the admissibility of such prior incidents in a negligent entrustment case is limited by the qualification that they be shown, by direct or circumstantial evidence, to be within the actual knowledge of the defendant-entrustor. In the absence of such evidence of actual knowledge on the part of the defendant-entrustor, prior acts of alleged recklessness by the driver are irrelevant, of no probative value and prejudicial in a negligent entrustment case in which liability is premised upon actual knowledge of the driver's incompetence. For the reasons set forth in Division 1 of this opinion, such evidence would also be inadmissible on the issue of the driver's negligence.

The application of the aforesaid principles of law to the facts of the instant case demonstrates that appellant-Thomason testified as to numerous specific prior acts of negligence or recklessness which unquestionably established his incompetence or habitual recklessness as a driver. However, it appears that as to *a majority* of those prior acts there was no showing whatsoever that appellant-Childre Chevrolet had actual knowledge thereof nor was there sufficient circumstantial evidence from which such actual knowledge could be inferred. Appellant-Thomason's conclusory testimony that appellant-Childre Chevrolet "was aware of my driving record" is not probative of appellant-Childre Chevrolet's actual knowledge of that record so as to make each specific incident comprising that record admissible under the holding in *Harris.* See *Saunders,* 116 Ga. App. at 736, supra. "A witness can not state his mere conclusion that others than himself knew a fact." *Bush & Hattaway v. McCarty Co.,* 127 Ga. 308, 309 (6) (56 SE 430) (1906). See also *Roebuck v. Payne,* 109 Ga. App. 525, 527 (3c) (136 SE2d 399) (1964). " '[R]eputation or notoriety in the community is not itself notice.' [Cits.]" *Roebuck,* 109 Ga. App. 527, supra. Evidence that appellant-Childre Chevrolet had obtained appellant-Thomason's written response to a "Motor Vehicle Record Request" form

demonstrates only the former's actual knowledge of the information supplied therein by the latter. Yet evidence of prior specific instances of recklessness other than those listed on the form were admitted in the instant case with no showing that they were within the actual knowledge of appellant-Childre Chevrolet.

Appellee's reliance on *Jones v. Dixie Drive It Yourself System,* 97 Ga. App. 669 (104 SE2d 497) (1958) as establishing a contrary rule of admissibility is misplaced. In *Jones* the alleged negligence was a violation of former Code Ann. § 92A-9916 which provided: "It shall be a misdemeanor for any person to lend or rent to another a motor vehicle knowing the same is about to be operated upon the public roads or highways in this State, or upon the public street of any incorporated village, town or city in this State, unless the person shall exhibit a legal operator's or chauffeur's license." It was held in *Jones* that "[f]or the plaintiff to recover from this defendant upon the trial of the case it will of course be necessary for him to prove the allegations of his petition, including the incompetence of the driver to whom the vehicle was rented, since, if the driver were not in fact incompetent, the failure to ascertain whether or not she had a driver's license would not enter into the proximate cause of the injuries inflicted. But, by failing to check on the driver's qualifications in conformity with statutory requirements, the defendant would be precluded from the defense that it did not have actual knowledge of such incompetence on the part of the driver." *Jones,* 97 Ga. App. at 674, supra. Appellee urges that *Jones* stands for the proposition that where one, in breach of a statutory duty to obtain proof of licensing, entrusts his automobile to a driver who then causes injury to another, the injured party is required to prove the underlying incompetence of the unlicensed driver and the entrustor is not entitled to assert defensively that he had no actual knowledge of such incompetence.

We find *Jones* inapplicable here. Code Ann. § 68B-404, the statute relied upon by appellee, differs from former Code Ann. § 92A-9916, the operative statute in *Jones.* Code Ann. § 68B-404 provides: "No person shall knowingly authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized hereunder or who is not licensed for the type or class of vehicle to be driven or in violation of any of the provisions of this Title." Thus, unlike the statute in *Jones,* Code Ann. § 68B-404 does not require the ascertainment of whether the driver is licensed; it merely prohibits the *knowing* authorization of an unauthorized driver to operate an automobile. Thus, imposition of liability under Code Ann. § 68B-404 requires evidence that the defendant-entrustor knew that the driver was unauthorized to operate an automobile but does not require that the

defendant-entrustor demand proof of licensing. Cf. *Medlock v. Barfield,* 90 Ga. App. 759 (84 SE2d 113) (1954). In a common law negligent entrustment case "Georgia law does not impose the duty upon the owner of an automobile to make investigation of the competency of one who drives his car and discover his 'reputation' as a driver in order to avoid being negligent if it should subsequently be determined that the driver indeed had a reputation for recklessness and incompetency in driving." *Hines v. Bell,* 104 Ga. App. 76, 82, supra.

Our review of the record reveals no evidence that appellant-Childre Chevrolet had knowledge that appellant-Thomason was not authorized to drive. The evidence does demonstrate that appellant-Childre Chevrolet knew or was advised that, at the time of his employment, appellant-Thomason's license was being held in lieu of bail for a speeding violation. But there is no evidence that appellant-Childre Chevrolet knew that appellant-Thomason was not otherwise authorized to drive pending resolution of that traffic charge. See Code Ann. § 27-511.1. As discussed above, appellant-Thomason's testimony concerning what appellant-Childre Chevrolet "knew" in this connection, even assuming that it could be construed as referring to the apparent suspension of his license rather than to the mere fact that it was being held in lieu of bail, is not probative of appellant-Childre Chevrolet's knowledge that appellant-Thomason's license and authority to drive had been suspended. Testimony that appellant-Thomason told appellant-Childre Chevrolet that he had no valid driver's license on his person does not show an actionable breach of Code Ann. § 68B-404. This is entirely consistent with the evidence that appellant-Childre Chevrolet knew that the license had been surrendered and was being held in lieu of bail and, accordingly, would not demonstrate knowledge that appellant-Thomason was not otherwise authorized to drive pending resolution of the proceedings involving that traffic violation. In the absence of evidence that appellant-Childre Chevrolet knew appellant-Thomason was unlicensed by reason of suspension, the mere fact that it knew he was driving without having on his person evidence of the authority under which he was apparently authorized to drive pending resolution of the speeding incident would not demonstrate that appellant-Childre Chevrolet's breach of Code Ann. § 68B-404 constituted actionable negligence per se. It is clear that, unlike the purpose of the statute in *Jones* which was clearly to protect the public from incompetent drivers acquiring access to automobiles, the purpose of Code Ann. § 68B-210 (a) which requires that a license be carried in one's immediate possession and that it be exhibited on demand of a law

enforcement officer, is to facilitate the state in the enforcement of its traffic laws. Moreover, unlike the breach of a duty not to knowingly permit one to drive who is *unauthorized* to do so, the breach of any duty not to knowingly allow one to drive without having in his possession *proof of his authority* to do so would not enter into the proximate cause of the injury to one who suffered damages as the result of the negligent operation of the automobile by the driver. See generally *Callahan v. Carlson,* 85 Ga. App. 4, 14 (1b) (67 SE2d 726) (1951). Appellee's evidence failed to demonstrate appellant-Childre Chevrolet's actionable negligence in knowingly allowing appellant-Thomason to drive the automobile in violation of Code Ann. § 68B-404. Accordingly, we find the evidence in the instant case insufficient to bring it within the rationale of *Jones.*

As discussed above, the gravamen of the instant negligent entrustment case was the defendant-entrustor's *actual knowledge* of the driver's incompetence and any evidence of prior acts of recklessness would be inadmissible on the issue of the driver's negligence. Since the instant case should properly have been submitted to the jury only on the simple negligence and the negligent entrustment theories, it follows that any evidence which was not otherwise admissible in support of those theories was erroneously admitted. Such evidence of prior specific acts of recklessness on the part of appellant-Thomason not shown to be within the actual knowledge of appellant-Childre Chevrolet were admitted in the instant case over objection. The admission of the challenged irrelevant evidence was clearly prejudicial to both appellants and therefore constituted reversible error. *Futch v. Jarrard,* 203 Ga. 47 (1) (45 SE2d 420) (1947).

In so holding we do not intimate that there was not sufficient evidence of appellant-Childre Chevrolet's actual knowledge of appellant-Thomason's incompetence to drive a car. We reverse on evidentiary, not the general grounds. As is discussed more fully in Division 4 below, the evidence amply supports the verdict. There was, for example, sufficient evidence of prior incidents of reckless driving which were within appellant-Childre Chevrolet's actual knowledge and of its actual knowledge that appellant-Thomason drove after drinking to establish liability under a negligent entrustment theory. See generally *Jones v. Cloud,* 119 Ga. App. 697, supra. However, the admission over objection of irrelevant and prejudicial evidence of such specific prior acts of recklessness as were not shown by direct or circumstantial evidence to be within appellant-Childre Chevrolet's actual knowledge was error requiring reversal and a new trial.

3. Error is assigned upon the admission, over objection of appellant-Childre Chevrolet, of a document entitled "Motor Vehicle

Record Request." During Thomason's employment with Childre Chevrolet he was requested to complete and return this document to Childre Chevrolet's business manager. The document was signed by Thomason and was in the possession of Childre Chevrolet. This document was offered to show that Thomason's license had previously been suspended or revoked and that Thomason had received two moving traffic violations within the last three years and that Childre Chevrolet had knowledge of such evidence.

Appellant-Childre Chevrolet sought the exclusion of this document on the grounds that it was "irrelevant and not material to any issue in the case . . . prejudicial and not admissible. . ." This objection clearly lacked the requisite specificity necessary to permit meaningful review of its merits by the trial court and, therefore, was properly overruled. *Hogan v. Hogan,* 196 Ga. 822, 824 (28 SE2d 74) (1943); *Smith v. Smith,* 223 Ga. 560, 561 (7) (156 SE2d 901) (1967); *Williams v. Harris,* 105 Ga. App. 252 (1) (124 SE2d 429) (1962); *Sikes v. Folsom Const. Co.,* 151 Ga. App. 630 (2) (260 SE2d 755) (1979). Accordingly, this enumeration is without merit.

4. Appellant-Childre Chevrolet asserts that the trial court erred in failing to grant its motion for directed verdict or its motion for judgment n.o.v. as to the theory of negligent entrustment on the grounds that there was no evidence that it had actual knowledge of appellant-Thomason's incompetence or habitual recklessness as a driver.

On the issue of appellant-Childre Chevrolet's knowledge of the incompetency or habitual recklessness of appellant-Thomason, as a driver, the following evidence was adduced: The "Motor Vehicle Record Request" which Thomason completed, signed and returned, stated on its face that Thomason's driver's license had been previously suspended or revoked and that he had been convicted of two moving traffic violations in the preceding three years. At the time of employment, appellant's sales manager knew that Thomason's driver's license had been posted in lieu of bail for a speeding violation in Cartersville, Ga. The sales manager also knew that Thomason had been "caught" for speeding on another occasion in Cobb County, Ga. On that occasion, Thomason had consumed alcoholic beverages while at work and in the presence of management level personnel. While operating the demonstrator which had been provided by Childre Chevrolet, Thomason and the sales manager went "bar-hopping" a "half-dozen" times during the two-month period in which Thomason was employed by Childre Chevrolet.

Viewed in the light most supportive of the jury verdict we conclude that this evidence was sufficient for the jury to find that, at the time Thomason was hired and entrusted with a vehicle, Childre

Chevrolet had actual knowledge that Thomason's driver's license had been previously suspended or revoked, that he had been convicted of two moving violations in the preceding three years, and that his driver's license was being held in lieu of bail for a speeding violation. Subsequently, Childre Chevrolet acquired actual knowledge that Thomason, on several occasions, drove the vehicle entrusted to him while his ability was impaired by alcohol. With such knowledge Childre Chevrolet never revoked Thomason's privilege of using the car. Thus construed, we hold that the evidence was sufficient for the jury to find that Childre Chevrolet entrusted the vehicle to Thomason with actual knowledge of his incompetence or habitual recklessness. Cf. *Harris v. Smith,* 119 Ga. App. 306, supra; *Thompson v. Bolton Chevrolet Co.,* 125 Ga. App. 369 (187 SE2d 574) (1972); *Barnes v. Allen Kane's Major Dodge,* 148 Ga. App. 332, 334 (250 SE2d 876) (1978), revd. on other grounds 243 Ga. 776 (1979). Compare *Pugmire Lincoln-Mercury, Inc. v. Sorrells,* 142 Ga. App. 444, supra; *Marques v. Ross,* 105 Ga. App. 133, 138 (123 SE2d 412) (1961). Accordingly, it was not error to deny appellant-Childre Chevrolet's motion for directed verdict or judgment n.o.v. *Jones v. Cloud,* 119 Ga. App. at 701, supra.

5. Appellant-Childre Chevrolet next asserts that the evidence was insufficient to support a finding that appellant-Thomason was within the scope of his employment at the time of the collision. Apparently conceding that the evidence adduced at trial raised the presumption that appellant-Thomason was acting within the scope of his employment at the time of the collision, appellant contends that this presumption was rebutted by "clear, positive, and uncontradicted" evidence to the contrary. See *Allen Kane's Major Dodge. v. Barnes,* 243 Ga. 776 (257 SE2d 186) (1979).

The uncontroverted evidence is that appellant-Thomason was employed by Childre Chevrolet as a commission-basis salesman. In this capacity he was entrusted with a demonstrator vehicle and cloaked with unrestricted authority to solicit prospective purchasers. The collision occurred on a Saturday morning. Apparently suffering from traumatic amnesia as a result of injuries sustained, appellant-Thomason stated that he could not recall the events surrounding the collision and, in particular, he could not remember where he had been prior to the collision or his intended destination.

In support of its contention that Thomason was not within the scope of his employment at the time of the collision, appellant-Childre Chevrolet showed that Thomason was telephoned two days prior to the collision and directed to return the demonstrator to the dealership. Childre contends that this evidence demonstrates that Thomason's previously unrestricted authority to

solicit prospective purchasers had been revoked and, thus, Thomason could not have been within the scope of his employment at the time of the collision. However, construing the evidence in the light most supportive of the verdict, we conclude that the jury would be authorized to find that Thomason was merely directed to bring the car to the dealership for inspection by a prospective purchaser. Thomason was not instructed in the meantime to cease all efforts to sell the demonstrator. While Childre Chevrolet was apparently considering terminating Thomason's employment, the evidence is clear that no such employment termination had occurred prior to the collision. We do not find that the evidence presented by Childre Chevrolet constituted the requisite "clear, positive, and uncontradicted" evidence necessary to overcome, as a matter of law, the presumption that Thomason was acting within the scope of his employment at the time of the collision. Compare *Massey v. Henderson,* 138 Ga. App. 565 (226 SE2d 750) (1976).

Accordingly the trial court did not err in denying appellant's motion for new trial as to this aspect of the case for any reason urged on appeal.

6. Appellants urge that the portion of the trial court's charge regarding damages recoverable for pain and suffering, loss of capacity to work and labor, and loss of capacity to earn money was so repetitive as to be argumentative.

We have carefully reviewed this portion of this charge and do not find it subject to the criticism directed at it. "Some of the repetitions were occasioned in the reading of [appellee's] requests to charge which had been properly submitted, correctly stating principles, apt, adjusted to the pleadings and the evidence . . ." *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 163 (141 SE2d 189) (1965). A charge is not argumentative or prejudicial merely "by reason of having repeated a certain principle of law which was applicable and germane to the issues involved . . ." *Moore v. Mauldin,* 199 Ga. 780, 783 (2) (35 SE2d 511) (1945). See *Laney v. Barr,* 61 Ga. App. 145 (9) (6 SE2d 99) (1939).

Moreover, at the beginning of the instructions to the jury the trial court stated: "Such repetition as may occur throughout this charge will not take place for the purpose of emphasizing a principle or principles of law over other principles, but will take place merely to better enable the Court to explain the law to you as the charge progresses in your presence, and there will be some repetition in the charge." See *Ga. Stages, Inc. v. Young,* 73 Ga. App. 2, 6 (35 SE2d 552) (1945). Thus, "[w]hile some of the repetition might have been avoided, it does not appear likely that the jury was in anywise misled or wrongfully influenced by it." *Grasham v. Southern R. Co.,* supra. See also *Todd v. Fellows,* 107 Ga. App. 783 (4) (131 SE2d 577) (1963).

The portion of the charge objected to was certainly not so repetitive as to constitute reversible error.

Other assertions of error concerning this portion of the court's charge were not raised in the trial court and cannot be considered on appeal. Code Ann. § 70-207(a). *McKeighan v. Long,* 154 Ga. App. 171 (2) (268 SE2d 674) (1980).

7. For the reasons set forth in Division 2 of this opinion, the trial court erred in charging the jury as to Code Ann. § 68B-404.

8. The trial court did not err in refusing to charge the "avoidance doctrine" or that appellee had a duty of exercising ordinary care for her own safety. There was no evidence which would have authorized a finding that appellee was negligent in any manner, nor was there any evidence "that [appellee] could have reacted to avoid the collision or that [she] was even aware of the impending collision before it actually occurred." *Delta Air Lines, Inc. v. Garmon,* 139 Ga. App. 146, 149 (227 SE2d 816) (1976).

9. For the reason set forth in Division 2 of this opinion the trial court's judgment overruling appellants' motions for new trial must be reversed. Other enumerations of error not specifically addressed herein are without merit or involve circumstances unlikely to recur on retrial.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 15, 1982 —
REHEARING DENIED APRIL 2, 1982 — 

*James D. Maddox,* for appellant (case no. 63072).
*J. Clinton Sumner, Jr.,* for appellant (case no. 63073).
*H. Garold Jordan, Thomas Henry Nickerson, J. Clinton Sumner, Hugh Kemp,* for appellee (case no. 63072).
*Thomas Henry Nickerson, James D. Maddox, H. Garold Jordan,* for appellee (case no. 63073).