### 68100, 68101. CHERRY v. KELLY SERVICES, INC.; and vice versa.

SOGNIER, Judge.

Nancy Claire Cherry was injured when a truck driven by Craig Campbell collided with her vehicle. Campbell had been hired by Sands and Company (Sands) from Kelly Services, Inc. (Kelly), a temporary personnel employment agency, for the temporary position of mail room clerk. Cherry brought suit against Campbell, Sands and Kelly for her injuries. Kelly's motion for summary judgment was granted on the issues of agency (not appealed) and negligent entrustment (subject of Case No. 68100), but was denied on the issue of negligent hiring (subject of Case No. 68101). Cherry appeals the granting of summary judgment in favor of Kelly on the negligent entrustment issue; Kelly cross-appeals the denial of its motion for summary judgment on the issue of negligent hiring.

1. Cherry contends that the trial court erroneously granted summary judgment to Kelly on the issue of negligent entrustment. It is uncontroverted that Kelly did not own the truck driven by Campbell nor did it entrust the truck to Campbell to drive. " 'Under the theory of negligent entrustment, "liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. [Cits.]" *Saunders v. Vikers*, 116 Ga. App. 733, 735 (158 SE2d 324).' [Cit.]" *Collins v. Everidge*, 161 Ga. App. 708, 710 (289 SE2d 804)

(1982). We find no merit in Cherry's argument that the theory of negligent entrustment should encompass the entrusting of the employee rather than the vehicle. Regardless, we agree with the trial court that Cherry presented no evidence to show that Kelly had actual knowledge of a pattern of reckless driving or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination. *Saunders*, supra at 736, *Collins*, supra at 711. Therefore, the trial court did not err by granting Kelly's motion for summary judgment on the issue of negligent entrustment.

2. Kelly contends in its cross-appeal that the trial court erred by denying its motion for summary judgment as to the issue of negligent hiring. Kelly argues that there is no difference between the standards for negligent entrustment and negligent hiring, and therefore, because it carried its burden in showing it had no "actual knowledge" of Campbell's incompetency to justify a grant of summary judgment on the issue of negligent entrustment, similarly it should be granted summary judgment as to Cherry's claim of negligent hiring.

We do not agree. The standard in negligent hiring cases is whether "the hirer knew, *or in the exercise of ordinary care should have known*, that the servant was incompetent and that the incompetency resulted in damage to the party to whom the servant was hired." *Ga. Elec. Co. v. Smith*, 108 Ga. App. 851 (1) (134 SE2d 840) (1964). (Emphasis supplied.) See also OCGA § 34-7-20. The fact that Kelly uncontrovertedly proved that it had no actual knowledge of any pattern of reckless driving by Campbell does not mean that Kelly carried its burden of proving that it exercised ordinary care. Kelly itself admitted that it knew of one instance in which Campbell was cited for a traffic violation. Thus, a question of fact existed whether Kelly should have inquired further into Campbell's driving record, as well as other factual questions which the trial court correctly determined existed for the jury. Since we cannot say that "the evidence adduced was sufficient to *demand a finding* as a matter of law that [Kelly] had exercised due care in [hiring Campbell], or that there were no material issues of fact for determination for a jury," *C. K. Security v. Hartford &c. Co.*, 137 Ga. App. 159, 163 (223 SE2d 453) (1976), we therefore affirm the trial court's denial of Kelly's motion for summary judgment on the issue of negligent hiring.

*Judgments affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 24, 1984 —
REHEARING DENIED JUNE 20, 1984 —

*John F. Bradford, Lawrence R. Aiken, Richard P. Parker*, for appellant.

*Robert C. Semler, Steven J. Kyle, David H. Buchanan,* for appellee.