A93A0290. SMITH v. TOMMY ROBERTS TRUCKING
COMPANY et al.
(435 SE2d 54)

POPE, Chief Judge.

Plaintiff Larry G. Smith brought a claim for personal injury against defendant Tommy Roberts Trucking Company (TRTC) and its driver, defendant Rhoades. Plaintiff's injuries allegedly arose out of a collision between his automobile and a dump truck owned by TRTC and driven by Rhoades. The trial court granted partial summary judgment to defendants on plaintiff's claims for punitive damages and plaintiff appeals.

According to plaintiff, on the morning of January 25, 1990 he was first in a line of vehicles stopped at a school crossing in LaGrange, where two crossing guards were posted. He did not notice a crossing guard give a "go" signal and did not know the dump truck was behind him until his vehicle had been hit and "knocked up the road." He turned around to see what had hit him and was hit again. Plaintiff deposed: "This time [the truck driver] was pushing me, and I actually thought that it was somebody that was crazy . . . because . . . things

like that don't happen . . . somebody don't hit you and hit you again, and keep on pushing you down the road. I put my car in gear and gunned it off the side of the road. . . ." According to plaintiff, defendant Rhoades stopped his truck, got out and said "he thought they should have a traffic light there" and "he really didn't need all of this because he was waiting for some tickets to drop off his record." Rhoades testified at deposition that he hit plaintiff only once, stating both that he didn't see plaintiff and didn't realize he was there and also that he "thought [plaintiff] was moving with other traffic." Rhoades was charged with following too closely.

In addition to compensatory damages, plaintiff asserts a claim for punitive damages against Rhoades and against TRTC as respondeat superior, which capacity TRTC concedes. Plaintiff also asserts claims for punitive damages against TRTC for negligent entrustment, negligent hiring and negligent retention of Rhoades. These claims are based on the allegation that TRTC knew or should have known of Rhoades' driving record which, according to plaintiff, shows him to be habitually reckless. Evidence was presented that Rhoades' driving record for the three years prior to the accident included a DUI in his personal vehicle and two speeding tickets and a violation of a traffic control device while driving a tractor-trailer. Further, while driving a TRTC truck, Rhoades was given a citation in August 1988 for improper lane change when he "clipped" another vehicle and was given a citation for speeding in December 1988. Evidence was also presented that less than a month after the collision(s) with plaintiff in January 1990, Rhoades pled guilty to another charge of following too closely.

Plaintiff contends Rhoades was not qualified to drive the truck in question as a matter of law because TRTC violated federal regulations adopted by the Georgia Public Service Commission for regulating motor carriers (see OCGA §§ 46-7-68.1 and 40-8-2), by which TRTC was to require Rhoades to take a physical test, a written driving test and a road test, and furnish TRTC with a list of his violations and an application for employment. Defendants contend no causal relationship exists between the collision(s) in this case and either Rhoades' driving record or any violation by TRTC of hiring regulations. Moreover, TRTC argues it cannot be liable for punitive damages for negligent entrustment, hiring or retention because it had no actual knowledge of Rhoades' driving record.

1. Defendants' motion to dismiss the appeal is denied. A grant of partial summary judgment is subject to direct appeal. "An order granting summary judgment *on any issue* or as to any party shall be subject to review by appeal." (Emphasis supplied.) OCGA § 9-11-56 (h). See also *Cohen v. Garland*, 119 Ga. App. 333, 334 (167 SE2d 599) (1969).

2. As to plaintiff's claim for punitive damages against defendant Rhoades, the trial court erred in concluding that the evidence of record shows at most gross negligence which is insufficient to support an award of punitive damages. Punitive damages may be recovered when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). The plaintiff deposed that the driver of the truck struck his car not just once but twice, and the second time the truck kept pushing him down the road. Statements the driver allegedly made at the scene indicate he was in a hurry to deliver his load. The record contains evidence from which a jury could conclude that the system by which TRTC pays its drivers for hauling loads rewards fast driving and quick deliveries. Construing the evidence most favorably for the plaintiff, the jury would be entitled to find defendant acted wilfully, wantonly and with such a want of care as to entitle the jury to presume defendant acted with conscious indifference to the consequences of his acts. This evidence thus raises an issue for jury determination concerning punitive damages and the trial court erred in granting partial summary judgment to defendant Rhoades.

3. As to plaintiff's claims for punitive damages against defendant TRTC, issues of fact are raised which must be resolved by a jury. Plaintiff presented evidence that the employer had knowledge that its driver had received tickets for two traffic violations while driving a company vehicle. Plaintiff also presented evidence that the employer failed to follow federal rules and regulations requiring it to check into the driver's driving record along with evidence that had the employer made such a check, the record would have shown that the driver had several other traffic violations on his record, including a DUI. We cannot hold as a matter of law that the driver's record would not support a finding that the driver was habitually negligent.

Pursuant to the facts and circumstances of this case, the fact that the record does not show TRTC had "actual knowledge" that the driver was incompetent or habitually reckless does not entitle TRTC to summary judgment. It is true that generally, liability of a party under the doctrine of negligent entrustment of an automobile must be based upon the party's actual knowledge that the person to whom the automobile has been entrusted is incompetent and liability cannot be premised on the party's failure to inquire about the driver's competence. See generally *Worthen v. Whitehead*, 196 Ga. App. 678 (396 SE2d 595) (1990). Pursuant to the general rule, Georgia law does not impose a duty upon the owner of an automobile to make an investigation of the competency of one who drives the automobile to discover his driving record. *Bonney Motor Express v. Yates*, 171 Ga. App. 754

(2) (320 SE2d 844) (1984). "[Y]et the situation is different where the driver is in fact incompetent and the owner is in law bound to check [the driver's] qualifications. . . ." *Jones v. Dixie Drive It Yourself &c.*, 97 Ga. App. 669, 674 (104 SE2d 497) (1958). Where the owner has a statutory duty to check on the driver's qualifications, "the defendant would be precluded from the defense that it did not have actual knowledge of such incompetence on the part of the driver." Id.

Evidence was presented in this case that the employer had a legal duty to make certain inquiries into the driver's qualifications and driving record and failed to do so. Thus, the employer's lack of actual knowledge of defendant's incompetency, if such is shown, is not a defense to plaintiff's claim. To hold that the employer is entitled to summary judgment on the negligent entrustment claim because of its failure to discover the driver's record is to reward the employer for remaining ignorant despite its legal duty to discover the facts. Such a holding is contrary to commonsense and public policy. Moreover, the record shows the employer had actual knowledge of two traffic violations committed by the driver after he commenced working for the employer. It is for the jury to decide whether these facts show the driver's incompetency, the employer's knowledge of the incompetency and that the employer's negligence, if any, concurred with that of the driver to cause the plaintiff's injuries.

In any event, the case at hand involves a claim for negligent hiring and retaining, in addition to the claim for negligent entrustment. In cases involving a claim for negligent hiring and retaining, this court has held it is necessary to show the employer knew *or should have known* of the employee's dangerous propensities. See, e.g., *Southern Bell Tel. &c. Co. v. Sharara*, 167 Ga. App. 665 (307 SE2d 129) (1983). Even where a defendant is entitled to summary judgment on a claim for negligent entrustment because of plaintiff's failure to show defendant's actual knowledge of the driver's incompetency, this does not mean he is entitled to summary judgment on a claim of negligent hiring because the standard of care in such cases is whether defendant, in the exercise of reasonable care, should have known of the driver's incompetency. *Cherry v. Kelly Svcs.*, 171 Ga. App. 235 (319 SE2d 463) (1984).

In this case, as in *Chupp v. Henderson*, 134 Ga. App. 808 (216 SE2d 366) (1975), evidence of the employer's knowledge of the employee's driving record is relevant and essential because the plaintiff asserted a claim for punitive damages for negligent entrustment. Of course, evidence of a driver's past driving record is irrelevant to the issue of his negligence in a particular instance and is prejudicial and inadmissible. See *Thomason v. Harper*, 162 Ga. App. 441 (1) (289 SE2d 773) (1982). The proper "solution to this problem is a separate trial of the negligent entrustment issue." Id. at 442. See also *Chupp v.*

*Henderson*, 134 Ga. App. at (2).

As to the issue of proximate cause, an employer's negligence in entrusting a vehicle to a driver must concur, as part of the proximate cause, with the negligent conduct of the driver. *Collins v. Everidge*, 161 Ga. App. 708 (2) (289 SE2d 804) (1982). If the jury finds the employer knew or, in the exercise of reasonable care or exercise of the duty imposed upon it by law, should have known of the driver's unfavorable driving record we cannot say as a matter of law that the jury could not find such negligence concurred with the negligence of the driver as a proximate cause of plaintiff's injuries. If the jury finds the employer should have known the driver was an unsafe driver, then the jury could also find that the employer's permitting him to drive the company-owned truck was a proximate cause of the collision. Thus, neither defendant is entitled to summary judgment on the issue of punitive damages.

*Judgment reversed. McMurray, P. J., Beasley, P. J., Cooper, Blackburn and Smith, JJ., concur. Birdsong, P. J., and Andrews, J., dissent. Johnson, J., not participating.*

BIRDSONG, Presiding Judge, dissenting.

I would affirm the grant of summary judgment to defendants on the issue of punitive damages. I think it overstates the evidence to say Smith testified that the second time the truck hit him it "kept pushing him down the road." This makes it appear defendants' truck continuously pushed Smith down the road. There is no such evidence. What Smith said was, "I got hit again. This time, he was pushing me, and I actually thought that it was somebody who was crazy, to be honest with you, because, I mean, things like that don't happen to you, you know, somebody don't hit you and hit you again, and keep pushing you down the road. I put my car in gear and gunned it off the road." There is no evidence Rhoades was continuously pushing the car down the road except this statement which in context is merely a dramatic expression of his feeling that to be hit twice, in his estimation, amounted to being "pushed" because it was crazy for "somebody [to] hit you and hit you again." Although we construe the evidence in Smith's favor on defendants' motion for summary judgment, his statement in its entirety was a dramatic expression and does not amount to evidence that Rhoades really did continuously push Smith up the road. Defendant Rhoades was stopped behind Smith at the school crossing and had "just started out from [the crossing guard's] motioning for traffic to come on" when he "felt it popping." He testified he hit Smith only once; he "didn't realize [Smith] was there" but "thought he was moving with the other traffic. . . . I didn't see him."

Smith claims punitive damages against Rhoades and against TRTC as respondeat superior (which capacity TRTC concedes); and

against TRTC for negligent entrustment, negligent hiring and negligent retention of Rhoades. Smith's factual allegations sound persuasive merely by their lengthy recitation, but even if they are true there is no evidence Rhoades' driving record and TRTC's possible negligence in hiring him, or any inferences therefrom, had any relation to this collision.

Circumstances authorizing punitive damages "must relate to the tort being sued on." *C & S Nat. Bank v. Bougas*, 245 Ga. 412, 413-414 (265 SE2d 562). Punitive damages are allowed only if there is "clear and convincing evidence that the defendant's actions showed willful misconduct . . . wantonness . . . or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b).

The evidence merely shows that Rhoades' vehicle struck Smith's vehicle from the rear. Even assuming Rhoades bumped Smith twice, as Smith says, there is no evidence as. to why he did so. There is no basis whatever to infer that the first or second "hit" was intentional or wanton. Nothing can be gleaned from the evidence *pertaining to this collision* that anything beyond negligence caused it. Other than Smith's subjective opinion that Rhoades was acting crazy, there is no evidence that Rhoades, in this collision, did anything which by "clear and convincing evidence" showed wilful misconduct, wantonness, or an entire want of care raising a presumption of conscious indifference to consequences. The majority has not shown by facts, or otherwise, that there were actions which were wilful and wanton; without clear and convincing evidence of such acts, punitive damages will not be authorized.

Negligence, even gross negligence, is inadequate to support a punitive damages award. *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (3) (b) (365 SE2d 827). Under OCGA § 51-12-5.1 (b), something more than the mere commission of a tort is required for punitive damages. There must be "clear and convincing evidence" in *this collision* of circumstances of aggravation or outrage. *Ivey v. Golden Key Realty*, 200 Ga. App. 545 (1) (408 SE2d 811). Construing the evidence most favorably to Smith, the evidence as to *this collision* does not present "clear and convincing evidence" of aggravation as to support punitive damages, even though the jury may find gross negligence in the truck driver's actions. *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 918 (423 SE2d 257).

Rhoades' prior and subsequent traffic violations are irrelevant to his acts in this case. The great danger of admitting them in evidence is that they will infect the jury's perception of the cause of *this collision*. See *Thomason v. Harper*, 162 Ga. App. 441 (289 SE2d 773).

I also think summary judgment to TRTC on the issue ·of negligent entrustment was proper. Since Smith should not be entitled to

punitive damages and TRTC admits liability as respondeat superior, "the liability link from the negligence of the driver to the employer-entruster has been established rendering proof of negligent entrustment unnecessary and irrelevant." Id. at 442. Moreover, evidence of negligent entrustment, hiring and retention has no causal relation to *this collision*. Even violation of regulations as to hiring a carrier driver is actionable negligence only if there was a causal connection between the violations and the injury. *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436, 438 (99 SE2d 209); *Sumner v. Otasco, Inc.*, 175 Ga. App. 177 (333 SE2d 28).

There is no evidence that this collision had any causal relation to Rhoades' "other acts" and TRTC's knowledge or lack of knowledge of them, or TRTC's negligence in hiring him. Smith's subjective impression that Rhoades was acting crazy adds a spicy flavor of "wantonness" to this rear-end collision, but at best the only thing the evidence tells us is that Rhoades struck Smith's car twice. Smith's subjective impression of Rhoades' state of mind is not "clear and convincing evidence" required to support an award of punitive damages under § 51-12-5.1. I would be very careful not to confuse the driver's other acts and the employer's possible negligence in hiring and retaining him, weighty as they may seem, with the evidence of *this collision*. Unless such other acts provide "clear and convincing evidence" of wantonness in *this case*, they are irrelevant and prejudicial. I would affirm the trial court.

I therefore respectfully dissent.

I am authorized to state that Judge Andrews joins in this dissent.

DECIDED JULY 16, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 —

*Butler, Wooten, Overby & Cheeley, C. Frederick Overby, Peter J. Daughtery*, for appellant.

*Gray, Gilliland & Gold, T. Cullen Gilliland, John B. Austin*, for appellees.