## A94A1441. BLOOM et al. v. DOE.
(447 SE2d 72)

BIRDSONG, Presiding Judge.

Appellant Tracy Bloom, individually and as surviving parent of Jamia Bloom, appeals the jury verdict in her suit claiming uninsured motorist coverage upon allegations that she and her daughter, Jamia, were passengers in her automobile, which was being driven by Johnny Baker when an unknown driver forced them off the road. Bloom says she asked Johnny Baker to drive because she had a headache. Her car overturned, killing Jamia Bloom. Bloom contends the trial court erred in its jury charges on negligent entrustment, and erred in failing to give her requested charges on sole proximate cause and concurrent negligence. *Held:*

1. Liability of an owner of a vehicle for negligent entrustment is predicated upon the negligent act of the owner in lending his vehicle to another person with actual knowledge of the latter's incompetence or habitual recklessness. *Cherry v. Kelly Svcs.*, 171 Ga. App. 235 (319 SE2d 463); *Brown v. Sheffield*, 121 Ga. App. 383 (2) (a), 387 (173 SE2d 891). Appellant contends the trial court deviated from Georgia law by omitting the word "knowingly" from its charge that "one who entrusts [an automobile] to another person who . . . is under the influence of alcohol or drugs [is liable for damages caused by that person]." Appellant contends the transcript shows she had no actual knowledge that Baker was under the influence of alcohol or was a less safe driver when she entrusted her vehicle to him, and that the evidence relied upon by appellee that Baker was intoxicated was contradicted. See *Ga. Power Co. v. Hubbard*, 142 Ga. App. 531 (236 SE2d 515). Appellee contends appellant's objection to the charge was indistinct and insufficient, and that she concurred in the negligent entrustment charge by saying "all acts of negligence of Johnny Baker would be imputed to my client." However, this was not appellant's entire objection. Appellant objected further that "in order to justify a negligent entrustment charge, you would have to [have] . . . actual knowledge on her part [of] some danger present. . . . And the testimony was that . . . she didn't know he was drunk; she didn't know that he posed any danger. And the law is real clear on the negligent entrustment issue, that there has to be a showing of actual knowledge before that charge can be given, and there was no showing."

Appellant's objection seemingly went not to the incorrect giving of the negligent entrustment charge, but to the giving of a negligent entrustment charge at all, because she says there was no evidence she had actual knowledge that Baker was under the influence of alcohol. She perceived that the negligent entrustment law rendered her liable per se for Baker's negligent acts, but that a charge on negligent entrustment should not be given if there is no evidence that she had

actual knowledge of his unsafe condition. She was not wrong to make this objection, for if there was no evidence that she had knowledge of his condition (assuming he had such a condition), the charge is inappropriate. In making this objection she did, however, also point out to the court the basic flaw in the charge, which is that if she had no actual knowledge of his incompetence or unsafe condition, she could not be liable for negligent entrustment.

The charge given was indisputably wrong. *Cherry*, supra; *Brown*, supra. OCGA § 5-5-24 provides that in all civil cases, objections to a charge "need not be made with the particularity formerly required of assignments of error and need only be as reasonably definite as the circumstances will permit. . . . Notwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." Id. at (a) and (c).

The charge given constituted substantial error as a matter of law. The charge omitting that to be liable for negligent entrustment appellant entrusted her car to Baker with "actual knowledge" of his incompetence was not a mere slip of the tongue. It was not corrected by the charge as a whole (*Griffin v. State*, 199 Ga. App. 646, 648 (405 SE2d 877)), including the charge that "if plaintiff had the right or was under the duty to control or influence the driver of her car . . . then any negligence of the driver, Johnny Baker, which contributed to the cause of the collision, if there was any such negligence . . . would be imputed in law to the plaintiff." This is a charge on imputed negligence; it does not touch upon the separate liability for negligent entrustment, which is the negligence of the owner in lending her car to the driver with actual knowledge of his incompetence. *Cherry*, supra; *Brown*, supra. That is, under the theory of negligent entrustment, it is not the driver's imputed negligence for which the owner is liable; rather the owner is liable for her own negligence in lending her car to another with actual knowledge of his incompetence. The jury might have found under the imputed negligence charge that plaintiff did not know Baker was intoxicated and that, since she asked him to drive because she herself was ill and was thus incapacitated, she had no duty or ability to control or influence his driving; yet still, under the erroneous negligent entrustment charge, the jury might have found her liable for negligent entrustment even though it found she had no knowledge of Baker's unsafe condition.

Appellee contends circumstantial evidence will support a finding of actual knowledge (*Clarke v. Cox*, 197 Ga. App. 83 (397 SE2d 598)) and that the circumstantial evidence showed Baker was intoxicated, but such circumstantial evidence that Baker was intoxicated does not require the jury to find that *appellant* actually knew he was intoxi-

cated, nor does it permit us to speculate that the jury found that appellant actually knew Baker was intoxicated. The erroneous charge went to the heart of the appellant's case and the verdict against her cannot stand.

2. Appellant does not cite this court to the charges on "sole proximate cause" and "joint proximate cause" which she requested. Accordingly, although she does suggest why some such charge should be given, we have no idea what charge appellant requested. For failure to comply with Rule 15 (c) (3), enumerations two and three are deemed abandoned.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 20, 1994

*Beauchamp & Associates, Robert M. Beauchamp,* for appellants.
*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard, J. Holder Smith, Jr., Watson, Spence, Lowe & Chambless, John M. Stephenson,* for appellee.