A06A1356. WESTERN INDUSTRIES, INC. v. POOLE.
(634 SE2d 118)

JOHNSON, Presiding Judge.

Western Industries, Inc. (Western) appeals from the trial court's denial of its motion for partial summary judgment concerning Jerry Lee Poole's claims for negligent hiring and retention, negligent entrustment, and punitive damages arising from an automobile collision in which a Western employee injured Poole while driving a company truck. We hold that the trial court should have granted

Western's motion on the negligent entrustment and punitive damages claims, but did not err when it denied summary judgment on the negligent hiring and retention claim. We therefore affirm in part and reverse in part.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law.[1]

So viewed, the evidence shows that in May 2002, Samuel Shareef applied for a position as a service technician with Western, an extermination company. Western's branch manager for the state of Georgia interviewed Shareef for the job, and was responsible for evaluating his application and making the decision to hire him. The branch manager testified to "our policy" that "we can't hire somebody unless we have a drug screen and unless we have a motor vehicle record of some sort." Under this policy, prospective employees were required to provide the manager or his immediate subordinate with a copy of their motor vehicle records, which would have been "the only way we would know if [a prospective employee] has a suspended license." The branch manager also testified that "[t]here's no way [Shareef] could have been hired" without providing a copy of his motor vehicle record. That record was not recovered from his employment file at Western, however.

The written application included questions as to whether Shareef had incurred any accidents or motor vehicle violations in the last three years and whether his driver's license had ever been suspended or revoked. Shareef answered "No" to these questions. In fact, however, Shareef had been convicted of misdemeanor hit-and-run in December 1999.[2] His license was suspended for eight months as a result.

Although the branch manager testified that he would not have hired Shareef had he known of this hit-and-run conviction and license suspension, Western hired Shareef as a driver in August 2002. At that time, he received and signed a policy statement concerning employees' use of company vehicles, which informed him that "[d]riving record checks will periodically be done on your driver's license." On November 1, 2002, while driving a company truck in the scope of his employment, Shareef was involved in a collision with a truck driven by Poole, who suffered injuries in the crash. Shareef later pled nolo

---

[1] *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).
[2] See OCGA § 40-6-270.

contendere to a citation for failure to maintain lane,[3] and was fired shortly thereafter. Western did not learn of Shareef's former hit-and-run conviction and license suspension until after Shareef had left the company.

In July 2004, Poole sued Shareef for negligence, and included Western as a defendant under the theory of respondeat superior. Poole later added claims against Western for negligent hiring, negligent retention, and negligent entrustment, as well as a prayer for punitive damages. The trial court denied Western's motion for partial summary judgment as to these latter claims and granted a certificate of immediate review. We granted Western's interlocutory application to consider whether the trial court should have granted summary judgment on the claims raised in Poole's amended complaint.

1. Western first contends that the trial court erred in refusing to grant it summary judgment on the question of punitive damages. We agree.

> Under Georgia law, punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Mere negligence, although gross, will not alone authorize the recovery of punitive damages. There must be circumstances of aggravation or outrage.[4]

In accordance with these principles, this Court has allowed a plaintiff alleging negligent hiring and/or retention to proceed with a punitive damages claim against the employer only when some facts support a conclusion that the employer acted with such "an entire want of care" as to "raise [a] presumption of conscious indifference to [the] consequences."[5] A plaintiff can shoulder this burden of proof only by showing that an employer had actual knowledge of numerous and serious violations on its driver's record, or, at the very least, when the employer has flouted a legal duty to check a record showing such violations.[6]

---

[3] See OCGA § 40-6-48 (1).

[4] (Citations and punctuation omitted.) *Doctoroff v. Perez*, 273 Ga. App. 560, 560-561 (615 SE2d 623) (2005).

[5] (Punctuation omitted.) Id.

[6] See *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 829-830 (3) (435 SE2d 54) (1993) (reversing grant of summary judgment on negligent entrustment and punitive damages where company ignored regulations requiring license record check, where such a check would

Here, the record contains no evidence supporting either of these conclusions. It is undisputed that Western had no actual knowledge of Shareef's 1999 hit-and-run conviction and that this conviction, with the suspension arising from it, was the only blot on his driving record prior to the 2002 collision. Nor has Poole argued or presented evidence to the effect that Western was under any statutory or regulatory duty to obtain Shareef's driving record. Thus Poole cannot recover punitive damages in this case, and the trial court erred when it denied Western's motion for summary judgment on this issue.[7]

2. Western also argues that the trial court erred when it denied summary judgment on Poole's claim for negligent entrustment of a company vehicle. Again, we agree.

A claim for the negligent entrustment of a motor vehicle cannot succeed in the absence of a showing that an employer has "actual knowledge that the driver is incompetent or habitually reckless."[8]

> It is not sufficient . . . for a plaintiff to show constructive knowledge, i.e., that the entrustor should have known the person being entrusted was not competent. The entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver.[9]

Since Poole has not pointed to any facts suggesting that Western had actual knowledge of Shareef's hit-and-run conviction, his claim for negligent entrustment also fails.[10] Thus the trial court erred when it denied Western summary judgment on this claim.

3. Finally, Western argues that Poole's claim for negligent hiring and retention was also susceptible to summary judgment in Western's favor. We disagree.

"The appropriate standard of care in a negligent hiring/retention action is whether the employer knew *or should have known* the

---

have unearthed numerous violations, including DUI, and where company had "essential" actual knowledge of two violations occurring after hire).

[7] See *Bartja v. Nat. Union Fire Ins. Co.*, 218 Ga. App. 815, 818-819 (4) (463 SE2d 358) (1995) (even assuming that employer had actual knowledge of driving record showing two moving violations, neither of which was sufficient to disqualify him as a driver under federal regulations, the record raised "no [facts] sufficient to preclude summary judgment as to punitive damages").

[8] (Citation and punctuation omitted.) *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135, 137 (2) (596 SE2d 679) (2004).

[9] (Punctuation omitted.) Id.

[10] Id. at 137-138 (2) (affirming grant of summary judgment as to negligent entrustment); *Murphy v. Blue Bird Body Co.*, 207 Ga. App. 853, 859-860 (6) (429 SE2d 530) (1993) (affirming grant of summary judgment where company had no duty to investigate employee's history of driving forklifts); *Cherry v. Kelly Svcs.*, 171 Ga. App. 235, 235-236 (1) (319 SE2d 463) (1984).

employee was not suited for the particular employment."[11] In accordance with this standard, this Court has granted summary judgment to employers when there is no evidence that the employer knew of violations on the employee's driving record or ignored its own reasonable policy of investigating such records,[12] and denied summary judgment when there is evidence that the employer knew of violations on the employee's record.[13]

As we have already noted, there is no evidence in this case that Western had actual knowledge of Shareef's conviction for misdemeanor hit-and-run. However, the company's branch manager testified that Western's policy was to require prospective drivers to provide their driving records, that an applicant failing to provide such a record could not be offered a job, and that the manager himself would not have hired Shareef had he known of the hit-and-run conviction. Given the absence of evidence that Shareef ever provided Western with his driving record, and construed in favor of Poole, who opposes Western's motion for partial summary judgment, this record would allow a jury reasonably to conclude that Western breached its own reasonable procedures when it hired Shareef, and that Western therefore should have known that Shareef would not be a competent driver for the company.[14]

Western seeks to forestall this conclusion by asserting that since Shareef's hit-and-run conviction does not show a tendency or propensity to drive in a dangerous fashion, that violation cannot establish the essential "causal connection between the employee's particular incompetency for the job and the injury sustained by the plaintiff."[15] Again, we disagree.

The statutory prohibition on hit-and-run, which dates from 1927,[16] appears in that portion of the Georgia Code entitled "Uniform

---

[11] (Emphasis supplied.) *Patterson v. Southeastern Newspapers*, 243 Ga. App. 241, 245 (2) (533 SE2d 119) (2000); see also *Cherry*, supra, 171 Ga. App. at 236 (2).

[12] See *Patterson*, supra, 243 Ga. App. at 245-246 (2) (affirming grant of summary judgment in absence of evidence that employee's driving record showed violations at time of hire or that company failed to follow its own investigative procedures).

[13] See *Cherry*, supra, 171 Ga. App. at 236 (2) (affirming denial of summary judgment where company knew of one previous violation).

[14] See *Tecumseh Products Co. v. Rigdon*, 250 Ga. App. 739, 741-743 (1) (552 SE2d 910) (2001) (trial court did not err denying motion for directed verdict where evidence showed that employer should have known of employee's violent propensities); *Sparlin Chiropractic Clinic v. TOPS Personnel Svcs.*, 193 Ga. App. 181, 181-182 (1) (387 SE2d 411) (1989) (reversing grant of summary judgment where previous employer had informed current employer of employee's poor performance); see also *Patterson*, supra, 243 Ga. App. at 244-246 (2) (employer's failure to follow its own investigative procedures could support a negligent hiring claim).

[15] See *Poole v. North Ga. Conference of Methodist Church, Inc.*, 273 Ga. App. 536, 537 (615 SE2d 604) (2005), quoting *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 862 (1) (596 SE2d 604) (2004).

[16] See *Battle v. Kilcrease*, 54 Ga. App. 808 (189 SE 573) (1936); Ga. L. 1927, pp. 226, 238.

Rules of the Road" — the same chapter containing prohibitions on speeding, failure to maintain lane, and other moving violations.[17] A contemporaneous hit-and-run incident has long been held admissible on the question of a driver's negligence or conscious indifference even when the act of leaving the scene does not cause or exacerbate a plaintiff's injury.[18] The record before us also shows that the Department of Motor Vehicle Safety includes such convictions on a motorist's record more than four years after the fact, which suggests that the Department would have included Shareef's hit-and-run conviction on a record presented to Western at the time he was hired. There is no evidence in this case that Western distinguished between hit-and-run convictions, suspended licenses, and other moving violations for purposes of identifying unsafe prospective drivers. Nor can we say that Western would have had any reasonable basis for making such distinctions, or that its policy of predicating the hire of a driver on the production of a clean driving record imposed a greater burden of care than the law allows.[19]

We thus conclude that Poole has adduced evidence from which a jury could reasonably conclude that Western failed to take reasonable care when it violated its own policy of obtaining a prospective employee's driving record, and that Western should have known on the basis of the conviction and suspension indicated there that Shareef would be an incompetent driver.[20] The trial court therefore did not err when it denied summary judgment on Poole's negligent hiring claim.

*Judgment affirmed in part and reversed in part. Miller and Ellington, JJ., concur.*

DECIDED JULY 10, 2006.

*Fain, Major & Brennan, Gene A. Major, Alexander Gordon*, for appellant.

---

[17] OCGA Title 40, Chapter 6.

[18] See *Battle*, supra (hit-and-run relevant to driver's negligence); *Langlois v. Wolford*, 246 Ga. App. 209, 210-211 (1) (539 SE2d 565) (2000) (hit-and-run relevant to driver's conscious indifference).

[19] See *Patterson*, supra, 243 Ga. App. at 244-245 (2) (employers are responsible only for taking reasonable care to investigate prospective employees).

[20] See *Tecumseh*, supra; *Sparlin*, supra; compare *Munroe*, supra, 277 Ga. at 865-866 (2) (affirming grant of summary judgment on negligent hiring claim in absence of evidence that employer should have distrusted the results of its own personal investigation service); *Poole*, supra, 273 Ga. App. at 539 (affirming summary judgment on negligent hiring claim in absence of evidence that employer should have known about employee's tendency to molest parishioners).

*Bovis, Kyle & Burch, Melanie M. Norvell, Aleksandra H. Bronsted*, for appellee.